# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID BRYANT WICKS, | : |
|     Plaintiff | :   Civil No. 3:12-CV-2203 |
| | : |
| v. | :   (Judge Mariani) |
| | : |
| KIMBERLY BARKLEY, et al., | :   (Magistrate Judge Carlson) |
| | : |
|     Defendants | : |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case.

The plaintiff, David Bryant Wicks, is a criminal recidivist who has spent much of the past twenty years housed in various correctional facilities located throughout the United States. From these various institutional venues Wicks has engaged in a litany of litigation, a quixotic quest which has entailed the frequent filing of frivolous lawsuits against his jailers. See e.g., Wicks v. Claud, 3 F. App'x 399, 400 (6th Cir. 2001); Wicks v. Lexington County Jail, 173 F. App'x 427 (4th Cir. 1999); Wicks v. Cnty. of Laramie, 36 F.3d 1106 (10th Cir. 1994); Wicks v. Corbett, No. 12-1635, 2012 WL 4953084 (M.D. Pa. Oct. 16, 2012); Wicks v. Parkland Hospital, No. 09-0580, 2009 WL 5033950 (N.D. Tex. Dec. 22, 2009); Wicks v. Winters, No. 09-6024, 1990 WL 149225 (E.D. Pa. Sept. 28, 1990). Indeed, Wicks enjoys a singular distinction by virtue of his litigious incarceration: He has been both a plaintiff and a defendant in a frivolous inmate *pro se* lawsuit. See Muick v. Wicks, No. 01-130, 2001 WL 285244,

(N.D. Tex. March 20, 2001). This case represents the latest chapter in this litigation history. This *pro se* civil rights action was initially brought by the plaintiff, a state prisoner, through the filing of a complaint on November 5, 2012. (Doc. 1.) In his initial *pro se* complaint and an accompanying motion for injunctive relief Wick alleged that he was being denied medical treatment, and also asserted that he was being sexually assaulted by correctional staff. Notwithstanding Wicks' past penchant for frivolous litigation, the district court, acting out of an abundance of caution, convened a telephonic hearing into these initial allegations.

At that hearing the court learned that many of Wicks' claims were baseless and did not rise to the level of an imminent threat to life or safety. For example, the ailments that Wicks had described in his complaint were revealed to be glaucoma and hemorrhoids, two chronic, but not immediately life threatening, medical conditions that were currently being treated by prison officials on a daily basis. (Doc. 11) As for Wicks' claims that he had been sexually assaulted by staff, at the hearing Wicks related that he had not actually witnessed any assault, and had been unconscious when he assumed that these alleged assaults might have occurred, but speculated that he had been sexually violated because Wicks–a hemorrhoid sufferer–had experienced episodes of rectal discomfort. (Id.) Given this threadbare presentation, the district

court entered an order denying Wicks' requests for emergency injunctive relief on November 15, 2012. (Id.)

The following day, November 16, 2012, Wicks filed an amended complaint which essentially abandoned his initial, urgent claims and substituted a new set of far less exigent allegations. (Doc. 13) This amended complaint brought claims on behalf of the plaintiff pursuant to a non-existent provision of the Constitution, something Wicks described as the "twenty-fifth article of the Constitution." According to Wicks, his rights under this imaginary constitutional provision and other federal laws were violated by prison officials who: (1) failed to enforce OSHA safety regulations; (2) allowed the Department of Corrections to permit inmates with hepatitis to work in the kitchen and prepare food; (3) permitted flying birds in the dining hall while food is being prepared; (4) permitted uncovered hair, the wearing of dirty white uniforms, and the operation of fans blowing dust, dirt, hair, and insects; (5) allowed inmates infected with Hepatitis and AIDS to be his cellmates; and, (6) built the State Correctional Institution Rockview five stories high, making it susceptible to being very loud, and spaced cell bars four inches apart, which permitted inmates to toss items from their cells. (Id.) Thus, the allegations in Wicks' current amended complaint, which is the

only complaint before this Court[1], merely consisted of general assertions relating to the conditions of his confinement, none of which had any immediate life-threatening urgency, and all of which allegedly violated a provision of the United States Constitution which simply does not exist.

On May 14, 2013, we entered a Report and Recommendation which recommended that the plaintiff's complaint be dismissed and his leave to proceed *in forma pauperis* be revoked. (Doc. 55) The recommendation that Wicks' *in forma pauperis* status be revoked was premised on the fact that it is clear that Wicks had previously had multiple actions dismissed as frivolous by district courts, and in many instances those dismissals have been summarily affirmed on appeal. See e.g., Wicks v. Claud, 3 F. App'x 399, 400 (6th Cir. 2001); Wicks v. Lexington County Jail, 173 F.App'x 427 (4th Cir. 1999); Wicks v. Cnty. of Laramie, 36 F.3d 1106 (10th Cir. 1994); Wicks v. Corbett, No. 12-1635, 2012 WL 4953084 (M.D. Pa. Oct. 16, 2012);

---

[1]We believe that this development, the filing of an amended complaint, has substantive significance for the parties since, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case….").

Wicks v. Parkland Hospital, No. 09-0580, 2009 WL 5033950 (N.D. Tex. Dec. 22, 2009); Wicks v. Winters, No. 09-6024, 1990 WL 149225 (E.D. Pa. Sept. 28, 1990). Thus, the record of Wicks' fruitless litigation over the past two decades demonstrated that this plaintiff has incurred far more than the "three strikes" which by law are sufficient disqualify him from pursuing further matters *in forma pauperis*.

On August 16, 2013, the district court adopted this Report and Recommendation, in part, by revoking Wicks' leave to proceed *in forma pauperis,* dismissing a number of Wicks' claims with prejudice, and dismissing other claims without prejudice, but with instructions to amend his complaint within 21 days. (Doc. 64) This deadline has now passed without action on Wicks' part to comply with this Court order by both filing an amended complaint, and paying the filing fee required by law. In these circumstances, it is recommended that this case be dismissed with prejudice.

## II. Discussion

In this case, Wicks was given an opportunity to further amend this complaint, but has now forfeited this opportunity through his inaction. In this situation, where a *pro se* plaintiff fails to timely amend the complaint, it is well within the Court's discretion to dismiss the complaint with prejudice given the plaintiff's failure to comply with court directives. Indeed, the precise course was endorsed by the United

States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff fails to comply with instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court . . . allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).

In sum, in this case where Wicks has failed to comply with Court orders, has failed to amend this deficient complaint despite being ordered to file an amended complaint, and has failed to pay the filing fee required by law after his leave to proceed *in forma pauperis* was revoked due to his penchant for filing frivolous lawsuits, it is now recommended that this complaint be dismissed for failure to prosecute without further leave to amend.

### III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed with prejudice.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of October 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
